IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

J & J SPORTS PRODUCTIONS, INC. )
)
Plaintiff, )
)
v. ) 1:08CV50
)
JUAN DEDIOS MAYORQUIN, )
LAS ROCAS )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

OSTEEN, JR., District Judge

Presently before this court is Plaintiff's Motion for Default Judgment. (Doc. 9.) Defendants did not submit a response to Plaintiff's motion. A hearing on the motion was held on February 3, 2009, where counsel appeared on behalf of Plaintiff. Defendants failed to appear. Since the hearing, Plaintiff has supplemented the record in support of its motion for default judgment (Docs. 12, 14), and Defendants were given ten days to respond to the supplemental filings (Doc. 13). As of the date of this order, Defendants have not filed any response or additional evidence. For the reasons set forth below, Plaintiff's motion will be granted.

**I.   BACKGROUND**

Plaintiff, J & J Sports Productions, Inc., is a California corporation who was granted the right to distribute "The Battle"

– Eric Morales v. Manny Pacquiao II, WBC International Super Featherweight Championship Fight Program, including all undercard bouts, scheduled for January 21, 2006. Plaintiff entered into several subsequent agreements with various entities in North Carolina, allowing them to publicly exhibit the program to their patrons. Defendant Las Rocas Cantina is a business entity in High Point, North Carolina, and Defendant Juan DeDios Mayorquin is the principal of Las Rocas. According to the affidavit of Joseph Gagliardi, President of J & J Sports, at no time did Las Rocas Cantina ever lawfully license the program from J & J Sports for public exhibition. (Gagliardi Aff. (Doc. 9-2) ¶ 7.)

Investigator Christopher Sloan entered Las Rocas Cantina on January 21, 2006 and observed "The Battle" being shown on four nineteen-inch televisions inside the establishment. (Sloan Aff. (Doc. 12).) Sloan paid a cover charge of five dollars to enter the establishment, and ordered a Corona beer that cost two dollars. (Id.) Sloan also conducted three separate head counts, reporting forty (40), forty-six (46), and thirty-seven (37) patrons present at various times during the broadcast. (Id.) Plaintiff also submitted a Rate Card stating that Defendant could have paid Plaintiff $800.00 in order to lawfully broadcast the fight. (Gagliardi Supp. Aff. (Doc. 14) at 6.)

Plaintiff filed suit in January 2008, alleging willful

2

Case 1:08-cv-00050-WO-PTS   Document 15   Filed 03/03/09   Page 2 of 4

violations of 47 U.S.C. § 605 and 47 U.S.C. § 553.[1]  Default was entered against Defendants on September 23, 2008.  (Doc. 8.) Plaintiffs now seek default judgment against Defendants.

## II. ANALYSIS

Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 553(a)(i).  An aggrieved party can recover the actual damages suffered, or statutory damages "in a sum of not less than $250 or more than $10,000 as the court considers just."  § 553(c)(3)(A)(I) and (ii).  However, if "the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000."  § 553(c)(3)(B).

In this case, Plaintiff seeks the maximum recoverable amount of statutory damages for a willful violation for purposes of commercial advantage or private financial gain.  This court declines to award the maximum amount, as this court finds that

---

[1] At the February 3, 2009 hearing on Plaintiff's default judgment motion, counsel for Plaintiff noted that she believes the statutory scheme set forth in § 553 is more applicable in this case.

3

the damages requested by Plaintiff would be "greater than necessary to accomplish the goals of the statute and would not be just under the circumstances of this case." <u>Garden City Boxing, Inc. v. WZ Inc.</u>, No. 1:05-CV-1122 (M.D.N.C. Jan. 8, 2007). Considering both evidence of the cost to lawfully exhibit the program, and evidence of Defendant's commercial purpose for showing the fight, the court awards Plaintiff $7,500.00 in statutory damages. In addition, Plaintiff may recover attorney's fees in the amount of $1,125.00 and costs in the amount of $480.00.

### III. CONCLUSION

For the reasons set forth herein, the court GRANTS Plaintiff's Motion for Default Judgment. (Doc. 9.) Default judgment shall simultaneously be entered against Defendants in the amount of $7,500.00 in statutory damages, plus costs in the amount of $480.00 and attorney's fees in the amount of $1,125.00, for a total award of $9,105.00.

This the 3rd day of March, 2009.

*William L. Osteen, Jr.*
United States District Judge